UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ARIA ROBINSON,

    Plaintiff,

v.                                                                   Case No. 8:24-cv-1956-CPT

FRANK BISIGNANO,
COMMISSIONER OF THE
SOCIAL SECURITY ADMINISTRATION,[1]

    Defendant.
_____/

# O R D E R

The Plaintiff seeks judicial review of the Commissioner's denial of her claim for Disability Insurance Benefits (DIB). (Doc. 17). For the reasons discussed below, the Commissioner's decision is affirmed.

I.

The Plaintiff was born in March 1983, obtained at least a high school education, and has past relevant work experience as a senior clerk and social services aid. (R. 32, 183, 186–87). In February 2022, the Plaintiff applied for DIB, alleging disability as of

---

[1] Mr. Bisignano became the Commissioner of Social Security on May 6, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Mr. Bisignano is substituted for the former Acting Commissioner, Mr. Leland Dudek, as the Defendant in this suit.

January 2022 due to COVID-19, body spasms, left hand weakness, a left knee injury, blindness or low vision, temporomandibular joint symptomology, post-traumatic stress disorder, a cervical disc displacement, and a lower back disc bulge. *Id.* at 23, 153–59, 185. The Social Security Administration (SSA) denied the Plaintiff's application both initially and on reconsideration. *Id*. at 90–94, 101–04.

At the Plaintiff's request, an Administrative Law Judge (ALJ) conducted a hearing on the matter in January 2024. *Id.* at 39–67, 105–06. The Plaintiff was represented by counsel at that proceeding and testified on her own behalf. *Id.* at 39–67. A vocational expert (VE) also testified. *Id.*

In a decision issued in January 2024, the ALJ determined that the Plaintiff (1) had not engaged in substantial gainful activity since her alleged onset date in January 2022; (2) had the severe impairments of obesity, hidradenitis suppurativa,[2] and cervical fusion and lumbar changes; (3) did not, however, have an impairment or combination of impairments that met or medically equaled the severity of any of the listings;[3] (4) had the residual functional capacity (RFC) to perform light work subject

---

[2] Hidradenitis suppurativa is a chronic, recurrent inflammatory disease affecting the skin in areas with apocrine glands. *Clarke v. Saul*, 2021 WL 2402317, at *1 n.2 (S.D.N.Y. May 26, 2021). It manifests itself as painful, deep-seated, inflamed lesions, including nodules, sinus tracts, and abscesses, which are treated by incision and drainage. *Id.*

[3] The listings are found at 20 C.F.R. Pt. 404, Subpt. P, App'x 1, and catalog those impairments that the SSA deems considerable enough to prevent a person from performing any gainful activity. 20 C.F.R. § 404.1520(a)(4)(iii). When a claimant's affliction matches an impairment on the list, the claimant is automatically entitled to disability benefits. 20 C.F.R. § 404.1520(a)(4)(iii); *Edwards v. Heckler*, 736 F.2d 625, 628 (11th Cir. 1984).

to various limitations;[4] and (5) based on the VE's testimony, could engage in her past relevant work as generally and actually performed. *Id.* at 23–34. In light of these findings, the ALJ concluded that the Plaintiff was not disabled. *Id.*

The Appeals Council denied the Plaintiff's request for review. *Id.* at 7–12. Accordingly, the ALJ's decision became the final decision of the Commissioner. *Viverette v. Comm'r of Soc. Sec.*, 13 F. 4th 1309, 1313 (11th Cir. 2021) (citation omitted).

II.

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 423(d)(1)(A); *see also* 20 C.F.R. § 404.1505(a).[5] A physical or mental impairment under the Act "results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

---

[4] Specifically, the ALJ found that the Plaintiff could lift and carry twenty pounds occasionally and ten pounds frequently; could stand, walk, and sit for roughly six hours with normal breaks during an eight-hour work day; could not climb ladders, ramps, or scaffolds; could occasionally stoop, crouch, kneel, and climb stairs; could frequently balance and reach and occasionally reach overhead bilaterally; could not crawl; could not withstand even moderate exposure to extreme cold and extreme heat; and must avoid concentrated and excessive vibration, the use of heavy equipment, and unprotected heights. (R. 28).
[5] Unless otherwise indicated, citations to the Code of Federal Regulations are to the version in effect at the time of the ALJ's decision.

To ascertain whether a claimant is disabled, the Social Security Regulations (Regulations) prescribe "a five-step, sequential evaluation process." *Carter v. Comm'r of Soc. Sec.*, 726 F. App'x 737, 739 (11th Cir. 2018) (per curiam) (citing 20 C.F.R. § 404.1520(a)(4)).[6] Under this process, an ALJ must assess whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals one of the listings; (4) has the RFC to engage in her past relevant work; and (5) can perform other jobs in the national economy given her RFC, age, education, and work experience. *Id.* (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. § 404.1520(a)(4)). Although the claimant bears the burden of proof through step four, the burden temporarily shifts to the Commissioner at step five. *Goode v. Comm'r of Soc. Sec.*, 966 F.3d 1277, 1278–79 (11th Cir. 2020) (citation omitted); *Sampson v. Comm'r of Soc. Sec.*, 694 F. App'x 727, 734 (11th Cir. 2017) (per curiam) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)). If the Commissioner carries that burden, the claimant must then prove she cannot engage in the work identified by the Commissioner. *Goode*, 966 F.3d at 1279. In the end, "'the overall burden of demonstrating the existence of a disability . . . rests with the claimant.'" *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018) (quoting *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001)).

A claimant who does not prevail at the administrative level may seek judicial review in federal court provided the Commissioner has issued a final decision on the

---

[6] Unpublished opinions are not considered binding precedent but may be cited as persuasive authority. 11th Cir. R. 36-2.

claimant's disability application after a hearing. 42 U.S.C. § 405(g). Judicial review is confined to determining whether the Commissioner applied the correct legal standards and whether the decision is buttressed by substantial evidence. *Id.*; *Hargress v. Soc. Sec. Admin., Comm'r*, 883 F.3d 1302, 1305 n.2 (11th Cir. 2018) (per curiam) (citation omitted). Substantial evidence is "more than a mere scintilla" and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (internal quotation marks and citations omitted). In resolving whether substantial evidence bolsters the Commissioner's decision, a court may not decide the facts anew, reweigh the evidence, or make credibility determinations. *Viverette*, 13 F. 4th at 1314 (citation omitted); *Carter*, 726 F. App'x at 739 (citing *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (per curiam)). Further, while a court will defer to the Commissioner's factual findings, it will not defer to his legal conclusions. *Viverette*, 13 F. 4th at 1313–14; *Keeton v. Dep't of Health & Hum. Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

### III.

The Plaintiff's sole claim on appeal is that the ALJ erred by not incorporating any restrictions in his RFC determination to account for the Plaintiff's severe impairment of hidradenitis suppurativa. (Doc. 17). After careful review, the Court finds that the Plaintiff's challenge lacks merit.

As referenced above, an ALJ must assess at step two whether a claimant has a medically determinable impairment or combination of impairments that is severe. *McCormick v. Soc. Sec. Admin., Comm'r*, 619 F. App'x 855, 857 (11th Cir. 2015) (per

5

curiam) (citing *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986)); *see also* 20 C.F.R. § 404.1520(a)(4)(ii). The severity of an impairment in this context is "measured in terms of its effect upon [a claimant's] ability to work, and not simply in terms of [a] deviation from purely medical standards of bodily perfection or normality." *McCruter v. Bowen*, 791 F.2d 1544, 1547 (11th Cir. 1986). An impairment is therefore deemed to be severe only if it significantly limits a claimant's physical or mental capacity to engage in basic work activities. *See* 20 C.F.R. § 404.1522(a); *Bridges v. Bowen*, 815 F.2d 622, 625–26 (11th Cir. 1987) (per curiam). A non-severe impairment, on the other hand, is one that does not result in such a restriction. *See* 20 C.F.R. § 404.1522(a). In the end, the bar for showing a severe impairment is a low one, *McCormick*, 619 F. App'x at 857 (citation omitted), and the finding of any severe impairment is enough to satisfy the step two inquiry, *Packer v. Comm'r, Soc. Sec. Admin.*, 542 F. App'x 890, 891 (11th Cir. 2013) (per curiam) (citing *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987)).

As also noted above, the ALJ's task at step four is to determine a claimant's RFC and her ability to perform her past relevant work. *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545. To do so, an ALJ must discern based on all the pertinent evidence before him what a claimant can do in a work setting despite any physical or mental restrictions caused by the claimant's medically determinable impairments—severe and non-severe—and related symptoms. *Id.* § 404.1545(a)(2) ("[The SSA] will consider all of [a claimant's] medically determinable impairments of which [it is] aware, including [a claimant's] medically determinable impairments that

6

are not 'severe,' . . . when [the SSA] assess[es a claimant's RFC]."); *Schink v. Comm'r of Soc. Sec.*, 935 F.3d 1245, 1268–69 (11th Cir. 2019) (same) (citation omitted).

An ALJ, however, is not required to expressly discuss every piece of evidence in his decision. *See Stowe v. Soc. Sec. Admin., Comm'r*, 2021 WL 2912477, at *4 (11th Cir. July 12, 2021) (per curiam) (citing *Dyer v. Barnhart*, 395 F.3d 1206, 1211 (11th Cir. 2005) (per curiam)). Instead, the ALJ need only ground his RFC determination on the claimant's condition "taken as a whole," *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987) (citations omitted), after evaluating all the material information presented, 20 C.F.R. §§ 404.1520(e), 404.1545(a). As long as a court can ascertain from the ALJ's decision that he took into account all the relevant evidence, the final responsibility for deciding a claimant's RFC rests with the ALJ. *Id.* § 404.1545.

In this case, as explained earlier and as pertinent here, the ALJ found at step two that the Plaintiff had the severe impairment of hidradenitis suppurativa and at step four that she was able to perform light work subject to a series of restrictions. (R. 26, 28). The Plaintiff now contends that the ALJ should have incorporated "functional limitations" in his RFC to accommodate her hidradenitis suppurativa. (Doc. 17 at 5). To buttress this challenge, the Plaintiff posits a number of arguments, the first of which appears to be that an ALJ must necessarily impose a designated restriction in the RFC to address each and every severe impairment the claimant has. *See id.* ("The finding that . . . [a condition] [i]s a severe impairment means . . . it significantly limits [a claimant's] physical or mental ability to do basic work activities" and an ALJ therefore

7

"need[s] to include some functional restriction [in the claimant's RFC] in order to satisfy this significant limitation."). There are at least two problems with this assertion.

As an initial matter, the regulatory provision upon which the Plaintiff primarily relies in making this argument—20 C.F.R. § 416.945—merely details the general guidelines for an RFC in the context of Supplemental Security Income claims and does not stand for the proposition the Plaintiff propounds. *See* 20 C.F.R. § 416.945.[7] Relatedly and as importantly, the Plaintiff's contention runs counter to decisions issued by the Eleventh Circuit and numerous courts in this District. *See, e.g.*, *Castel v. Comm'r of Soc. Sec.*, 355 F. App'x 260, 264 (11th Cir. 2009) (ruling that the ALJ properly considered the claimant's severe impairment of obesity in formulating the claimant's RFC even though the ALJ found that the claimant's obesity did not result in any "specific functional" restrictions); *Moore*, 405 F.3d at 1213 n.6 (noting that "the mere existence of . . . impairments does not reveal the extent to which they limit [a claimant's] ability to work or undermine [an] ALJ's determination in that regard"); *Spann v. Comm'r of Soc. Sec.*, 2025 WL 2109209, at *5 (M.D. Fla. July 10, 2025) ("[T]he [c]ourt rejects [the claimant's] argument[ ] that the ALJ was required to include specific limitations . . . caused by . . . [an affliction] into her RFC simply because the ALJ found [that affliction] to be a severe impairment."), *report and recommendation adopted*, 2025 WL 2106656 (M.D. Fla. July 28, 2025) (citations omitted); *Mancini v. Comm'r of Soc. Sec.*, 2021 WL 1087270, at *1 (M.D. Fla. Mar. 22, 2021) ("The

---

[7] The DIB equivalent—20 C.F.R. § 404.1545—is likewise inapplicable.

8

[c]ourt . . . does not agree with [the claimant's] hardline position that every 'severe impairment' must be linked to a specific limitation in the RFC."); *Isom v. Saul*, 2020 WL 1099461, at *3 (M.D. Fla. Jan. 30, 2020) (stating that the ALJ's assessment the claimant's narcolepsy was severe did not mean the ALJ was compelled to impose any restrictions relative to that malady); *Conroy v. Saul*, 2019 WL 4727815, at *5 (M.D. Fla. Sept. 27, 2019) ("It is well settled that severe impairments do not necessarily result in specific functional limitations" and, thus, where "there are "no specific functional limitations from a severe impairment[,] . . . [an] ALJ need not include a corresponding limitation for that impairment in the RFC.") (internal quotation marks and citation omitted); *Sorensen v. Berryhill*, 2018 WL 1225106, at *4 (M.D. Fla. Mar. 9, 2018) ("Diagnoses of impairments do not require [the] imposition of certain specific limitations in an RFC assessment."); *Owens v. Colvin*, 2015 WL 12856780, at *1 (M.D. Fla. Oct. 15, 2015) ("The [c]ourt rejects [the claimant's] argument that because the ALJ found that [the claimant] had the severe impairment of migraine headaches, he had to, as a matter of law, include a limitation in the RFC assessment specifically corresponding to that impairment.").[8]

---

[8] The Eleventh Circuit's unpublished decision in *Raduc v. Comm'r of Soc. Sec.*, 380 F. App'x 896 (11th Cir. 2010) (per curiam)—to which the Plaintiff cites (Doc. 17 at 6)—does not undermine this wealth of authority. In *Raduc*, the claimant maintained that the ALJ erred in determining that her irritable bowel syndrome (IBS) "did not affect her RFC" despite deeming this affliction to be a severe impairment. *Raduc*, 380 F. App'x at 898. While the Eleventh Circuit ultimately reversed the Commissioner's decision, it did so on the ground that the "the ALJ did not meaningfully conduct the proper legal analysis about the effect of [the claimant's] IBS on her RFC." *Id*. at 899. The Eleventh Circuit found, for example, that the ALJ "apparently dismissed" the idea of including any "IBS-related limitations" in the RFC predicated, at least in part, on a "misunderstanding of the nature of this condition," and that it was also "unclear whether and to what extent the ALJ discounted [the

The Plaintiff alternatively contends—albeit in summary fashion—that, "[a]t the very least," the ALJ should have "explain[ed] why he did not include in the RFC a functional limitation from the [P]laintiff's severe impairment of hidradenitis suppurativa." (Doc. 17 at 5).  The Plaintiff, however, does not provide any authority to bolster this perfunctory assertion and has accordingly waived any such argument. *See Grant v. Soc. Sec. Admin., Comm'r*, 2022 WL 3867559, at *2 (11th Cir. Aug. 30, 2022) (concluding that a party abandons a claim when, among other things, she "raises it in a perfunctory manner without supporting arguments and authority") (citing *Sapuppo v. Allstate Floridian Ins. Co.*, 739 F.3d 678, 681–82 (11th Cir. 2014)); *Battle v. Comm'r, Soc. Sec. Admin.*, 787 F. App'x 686, 687 (11th Cir. 2019) (per curiam) ("Issues raised in a perfunctory manner . . . are generally deemed to be waived.") (internal quotation marks and citation omitted); *Outlaw v. Barnhart*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006) (per curiam) (finding that a party waived a contention "because he did not elaborate on th[e] claim or provide citation to authority about [it]") (citation omitted).

Irrespective of the matter of waiver, the Plaintiff's assertion does not comport with Eleventh Circuit precedent.  As discussed previously, an ALJ need only ground his RFC determination on a claimant's condition "taken as a whole," *Jamison*, 814 F.2d at 588 (citations omitted), after evaluating all the material information presented,

---

claimant's] testimony about her IBS symptoms." *Id.* at 898–99.  The Plaintiff does not raise these challenges here.

20 C.F.R. §§ 404.1520(e), 404.1545(a). It is clear that the ALJ satisfied this requirement here.

To begin, the ALJ explicitly stated in his decision that he took into account "all [the Plaintiff's] symptoms and the extent to which th[o]se symptoms c[ould] reasonably be accepted as consistent with the objective medical evidence and other evidence." (R. 29). The ALJ also expressly stated that while the Plaintiff's "medically determinable impairments could reasonably be expected to cause [her] alleged symptoms," a "careful consideration" of the record demonstrated that the Plaintiff's "statements concerning the intensity, persistence[,] and limiting effects of th[o]se symptoms [we]re not entirely consistent with the medical evidence and other evidence" before him. *Id.*[9]

With respect to the Plaintiff's hidradenitis suppurativa in particular, the ALJ noted that documentation from the Plaintiff's doctors showed her skin condition, though chronic and consisting of rashes and flareups, was "stable" after her abscesses were drained and cleaned with "anti-bacterial washes, oral antibiotics, and creams." *Id.* at 31, 357, 363, 369, 618, 626. The ALJ additionally observed that only "some" of the physical examinations conducted by another healthcare provider reflected the presence of "some rash on [the Plaintiff's] skin" and that, even then, the rash was "treated with over-the-counter soap and Vaseline." *Id.* at 31, 808.

---

[9] The Plaintiff notably does not contest this credibility determination by the ALJ and has therefore waived any such claim of error. *See Grant*, 2022 WL 3867559, at *2; *Battle*, 787 F. App'x at 687; *Outlaw*, 197 F. App'x at 828 n.3.

Along with this evidence, the ALJ recounted the Plaintiff's hearing testimony and pointed out that while there were "several episodes" where the Plaintiff requested medical treatment for "rashes and skin flareups," *id*. at 31, 43–44, 51, the Plaintiff advised that her condition was stable, that her episodes merely "c[a]me[ ] and [went]," and that she only sought emergent care if an outbreak "g[o]t bad." *Id*. at 31, 44, 53. The ALJ highlighted in the latter respect that the last time the Plaintiff pursued such urgent care, her condition was simply treated with medication rather than being lanced. *Id*. at 31, 44. The ALJ viewed this conservative approach as consistent with the assessment of an agency medical consultant, Dr. Paul Sporn, who opined that the Plaintiff was able to engage in a light level of exertion due, in part, to the fact that prescribed creams, over the counter soap, and Vaseline were employed to address the Plaintiff's rash which was referenced in some of her examinations.[10] *Id*. at 32, 75–80, 808. And lastly, the ALJ noted that notwithstanding the Plaintiff's complaints about her hidradenitis suppurativa and her other afflictions, she admitted at the hearing that she was "able to drive a car, prepare simple meals, . . . garden[ ] at her home," and engage in "some household chores." *Id*. at 31, 212–19; *see also* 20 C.F.R. § 404.1529(c)(3)(i) (denominating daily activities as a factor in evaluating a claimant's symptoms); SSR 16-3p, 2017 WL 5180304 (same); *Dyer*, 395 F.3d at 1212 (upholding

---

[10] The ALJ deemed Dr. Sporn's assessment to be only "partially persuasive" because Dr. Sporn did not "have the benefit of the evidence receive[d] at the hearing level, which substantiate[d] the additional limitations" the ALJ inserted in his RFC. (R. 32). The Plaintiff does not contest the weight the ALJ attributed to Dr. Sporn's opinion and has accordingly waived any such challenge. *See Grant*, 2022 WL 3867559, at *2; *Battle*, 787 F. App'x at 687; *Outlaw*, 197 F. App'x at 828 n.3.

an ALJ's analysis of a claimant's subjective complaints that was based in part on the claimant's activities of daily living).

In sum, it evident from the ALJ's decision that he based his RFC determination on the entirety of the Plaintiff's condition, *Jamison*, 814 F.2d at 588 (citations omitted), after assessing all the pertinent information before him, 20 C.F.R. §§ 404.1520(e), 404.1545(a), and that this determination is adequately substantiated. To the extent the Plaintiff now invites the Court to reweigh the record evidence (Doc. 17 at 4–5), the Court is prohibited from doing so, *Carter*, 726 F. App'x at 739 (cautioning that a court "may not decide the facts anew . . . or re-weigh the evidence") (citing *Moore*, 405 F.3d at 1211); *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991) (observing that when the Commissioner's decision is buttressed by substantial evidence, a court must affirm it even if the court would have reached another result and even if it finds that "the evidence preponderates against" the Commissioner's decision). And to the extent the Plaintiff also suggests that there may be other information in the record that bolsters her position (Doc. 17 at 4–5), the existence of such other evidence is irrelevant given the circumstances presented, *Sims v. Comm'r of Soc. Sec.*, 706 F. App'x 595, 604 (11th Cir. 2017) ("Under a substantial evidence standard of review, [a claimant] must do more than point to evidence in the record that supports her position; she must show the absence of substantial evidence supporting the ALJ's conclusion.") (per curiam) (citing *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991) (per curiam)).

IV.

Based upon the foregoing, it is hereby ORDERED:

1. The Commissioner's decision is affirmed.

2. The Clerk of Court is directed to enter Judgment in the Defendant's favor, to terminate any pending motions, and to close the case.

SO ORDERED in Tampa, Florida, this 28th day of August 2025.

*[signature]*
HONORABLE CHRISTOPHER P. TUITE
United States Magistrate Judge

Copies to:
Counsel of record